**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| STEVE FANADY, | ) | |
| | ) | |
| Plaintiff, | ) | 25 cv 15454 |
| | ) | |
| v. | ) | Judge Charles P. Kocoras |
| | ) | |
| WILLIAM BAKER, as Deputy at the Cook County | ) | |
| Jail, THOMAS DART, as Sheriff of Cook County, | ) | |
| and COOK COUNTY, Illinois, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
AMENDED COMPLAINT PURSUANT TO RULE 12(b)(6)**

Defendants Deputy William Baker, Cook County Sheriff Thomas J. Dart, and Cook County, by their attorney, Eileen O'Neill Burke, Cook County State's Attorney, and through her Assistant State's Attorney, move to dismiss Plaintiff's Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief may be granted. In support thereof, Defendants state as follows:

**FACTUAL BACKGROUND[1]**

On May 14, 2026, Plaintiff filed an amended complaint alleging malicious prosecution, naming Deputy Baker and Sheriff Thomas Dart, both in their individual capacities, and Cook County (which "has *respondeat superior* liability for the acts of Defendants Baker and Dart and is also obligated to indemnify them."). [Dkt. 29 at ¶¶15-17].

Plaintiff is confined to the Cook County Jail for failure to comply with a 2011 court order entered in a divorce case. [*Id.* at ¶18]. Plaintiff alleges that he must use a wheelchair, so he can

---

[1] The factual background for this Motion to Dismiss is taken from Plaintiff's Amended Complaint and is presumed true only for purposes of this Motion.

only walk short distances with the use of a walker. [*Id.* at ¶19]. Plaintiff further alleges that on October 25, 2022, Cook County officials moved him into a solo cell because he tested positive for COVID-19. [*Id.* at ¶20]. Cook County officials attempted to use a wheelchair to move him to a new cell. *Id.* Once in the new cell, Plaintiff requested the staff bring him a bed and refused to get out of the wheelchair until they did so. [*Id.* at ¶23]. Plaintiff claims that the staff ignored his request, and insisted that Plaintiff get out of the wheelchair, at which time Plaintiff refused to comply, and several staff members, including Deputy Baker, placed him in handcuffs. [*Id.* at ¶24]. When Plaintiff continued to insist that staff bring him a bed, jail staff, including Deputy Baker, physically removed Plaintiff from the wheelchair and placed him on the floor. [*Id.* at ¶¶ 25-26].

Plaintiff alleges that he did not "hit, grab, scratch, or in any way physically injure anyone" but instead continued to demand that the staff bring him a bed, actions that "could be characterized as passive resistance." [*Id.* at ¶27]. Deputy Baker complained that Plaintiff had committed felony aggravated battery against him. [*Id.* at ¶28]. Plaintiff further alleges that the incident was captured on one of the jail staff's body worn camera which showed that Plaintiff "never committed a battery against any staff member." [*Id.* at ¶30]. And although Sheriff Dart "had access to this video footage," "he pursued the case" anyway, forwarding it "to the State's Attorney with the intention of causing the State's Attorney to pursue an indictment." *Id.*

Plaintiff alleges that based on this false information, the State's Attorney secured a felony indictment against him for aggravated battery. [*Id.* at ¶30]. According to Plaintiff, the indictment, based on "false information" provided by Defendant Baker, alleged that Plaintiff "grabbed and pulled Deputy Sergeant Baker about the body," which Plaintiff claims is contradicted by the body worn camera. [*Id.* at ¶31]. Plaintiff was indicted by the Cook County Grand Jury on November 29, 2022, with Investigator Terrance Whittler as witness, on one count of Aggravated Battery of a

Peace Officer in that he "grabbed and pulled Deputy Sergeant Baker about the body causing pain and lacerations" with knowledge that Deputy Baker was a correctional officer performing his official duties." (Ex. A, Felony Indictment).[2]

Plaintiff was then moved to the "criminal section of the jail" where he was only allowed out of his cell once every two days. [*Id.* at ¶33]. He was issued an ID tag that flagged him as a danger to staff, and as a result found his commissary stolen and food tampered with. [*Id.* at ¶ 34]. A video of the incident surfaced in the media which Plaintiff claims contradicts Deputy Baker's narrative. [*Id.* at ¶35]. On December 21, 2023, prosecutors dropped the case against Plaintiff. [*Id.* at ¶37]. Plaintiff claims that as a result, he suffered severe emotional distress due to threat of further incarceration, and that he was "branded a criminal within the Cook County jail" and therefore subjected to harassment and inadequate conditions. [*Id.* at ¶¶38-39].

Plaintiff brings one count of federal malicious prosecution under 42 U.S.C. § 1983 against Defendants for "causing him to be prosecuted …without any probable cause and despite knowing Plaintiff was innocent." [*Id.* at ¶41]. Further, he claims, that he was "subjected to a seizure and additional restraint on his liberty" because he "was transferred to a restrictive Residential Treatment Unit (RTU), subject to interactions with criminal defendants, and not permitted dayroom our [*sic*] outside time." [*Id.* at ¶42]. Plaintiff's prosecution was terminated in his favor in a manner indicative of his innocence. [*Id.* at ¶48]. And finally, Plaintiff alleges that Defendants "undertook the misconduct intentionally and in total disregard of the truth and Plaintiff's clear innocence," resulting in "great mental anguish, humiliation, degradation, and physical and emotional pain and suffering." [*Id.* at ¶¶49-50].

---

[2] Defendants request that the Court take judicial notice of the indictment in Plaintiff's criminal case, attached as Exhibit A, for the fact of the charge and the identity of the complaining witness, not for the truth of the matters asserted. *See* Fed. R. Evid. 201; *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994) (court may take judicial notice of matters of public record without converting a 12(b)(6) motion into a summary judgment).

## <u>STANDARD OF REVIEW</u>

This Court should grant a Rule 12(b)(6) motion to dismiss if the well-pleaded allegations of the complaint, assumed as true, do not "'plausibly suggest an entitlement to relief.'" *McCauley v. City of Chi.*, 671 F.3d 611, 617–18 (7th Cir. 2011) (applying *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court must draw all reasonable inferences in the light most favorable to the plaintiff. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). However, the plaintiff's factual allegations must plausibly suggest the plaintiff is entitled to relief, "raising that possibility above a speculative level." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) (citing *Twombly*, 550 U.S. at 555). Furthermore, a "plaintiff's obligation to provide the 'grounds' of her 'entitlement for relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

The pleading standard in Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557.)

Finally, in review of the viability of Plaintiff's Complaint, "[m]aking the plausibility determination is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). Plausibility is predicated upon presentation of

specific facts, the level of which "rises with the complexity of the claim." *Id.* at 616–17 (citation omitted).

**ARGUMENT**

**I.      PLAINTIFF FAILS TO PLEAD A FEDERAL MALICIOUS PROSECUTION CLAIM BECAUSE HE DOES NOT PLAUSIBLY ALLEGE A CONSTITUTIONALLY COGNIZABLE DEPRIVATION OF LIBERTY UNDER THE FOURTH AMENDMENT.**

Plaintiff's claim of "federal malicious prosecution" is properly understood as a Fourth Amendment seizure claim. *See Manuel v. City of Joliet*, 580 U.S. 357, 365 (2017) ("This Court decided some four decades ago that a claim challenging pretrial detention fell within the scope of the Fourth Amendment."). To state a §1983 claim of "federal malicious prosecution," federal courts require that a plaintiff plausibly allege that 1) he was seized pursuant to legal process without probable cause, 2) that the defendant caused that seizure, and 3) that the proceedings terminated in plaintiff's favor. *See, e.g. Thompson v. Clark*, 596 U.S. 36, 39 (2022); *Heck v. Humphrey*, 512 U.S. 477, 484 (1994); *Lewis v. City of Chicago*, 914 F.3d 472, 476-77 (7th Cir. 2019).

Here, Plaintiff's claim fails because he cannot meet its first requirement: that he was seized or suffered any independent deprivation pursuant to a legal process. *See Manuel*, 580 U.S. at 366 ("the threshold inquiry in a §1983 suit, which requires courts to 'identify the specific constitutional right' at issue.")(citing *Albright v. Oliver,* 510 U.S. 266, 271 (1994)). This is because he was already lawfully detained throughout the relevant period on unrelated grounds, as he admits. [Dkt. 29 at ¶18]. *See Bielanski v. County of Kane*, 550 F.3d 632, 642 (7th Cir. 2008) (a post-charge, pre-trial court summons alone is not a seizure). Plaintiff does not plead that he was held in custody independently of his status as a civil detainee or that this charge resulted in any additional detention, or constitutionally significant restraint on his freedom of movement.

Any alleged confinement decisions like RTU placement, loss of dayroom privileges, or inclusion with a different detainee population do not plausibly establish a new Fourth Amendment seizure. At core, these claims of confinement conditions are governed, if at all, under the due process doctrine, and not under the Fourth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 553 (1979) (analyzing pretrial detainee confinement conditions under the Due Process Clause). This deficiency, then, is fatal to his malicious prosecution claim which requires a new seizure under the Fourth Amendment. Accordingly, there is no constitutional injury to support his claim. *See, e.g., Bianchi v. McQueen*, 818 F.3d 309, 319 (7th Cir. 2016) (no constitutional claim absent a deprivation of liberty from the alleged misconduct).

Moreover, the Seventh Circuit has repeatedly rejected the concept of "continuing seizure"– that is, the notion that the ordinary continuation of criminal proceedings, standing alone, constitutes an ongoing Fourth Amendment seizure. *See, e.g., Welton v. Anderson*, 770 F.3d 670, 675 (7th Cir. 2014) (plaintiff's malicious prosecution claim as pled did not survive motion to dismiss because he did not present facts that his freedom of movement was restricted after being arrested, processed and released on his own recognizance); *cf. Wilkins v. May*, 872 F.2d 190, 194 (7th Cir. 1989) ("[c]ustodial interrogation does not curtail a person's freedom of action; it presupposes that he has already lost that freedom— for by definition he already is in custody."). Similarly, Plaintiff cannot plead that he lost additional freedom under the Fourth Amendment because he was never free to leave while in CCDOC custody during all relevant times. *See Belcher v. Norton*, 497 F.3d 742, 748 (7th Cir. 2007).

Instead of alleging a separate seizure, he complains that Defendants "caused him to be prosecuted and undergo judicial proceedings." *Id.* at ¶41. Yet the Seventh Circuit has held that merely prosecuting an individual does not amount to a seizure and is not a colorable

constitutional claim in federal court. *See, e.g., Ray v. City of Chicago,* 629 F.3d 660, 664 (7th Cir. 2011)(affirming the district court decision to dismiss the plaintiff's malicious prosecution claim because "[f]ederal courts are rarely the appropriate forum for malicious prosecution claims."); *Bielanski*, 550 F.3d at 638-42 ("[T]he interest in not being prosecuted groundlessly is not an interest that the Fourth Amendment protects."). Plaintiff's claim of being subject to prosecution and judicial proceedings alone – absent a Fourth Amendment seizure – does not support a cognizable malicious prosecution claim as a matter of law. *See id.* at 638.

Nor does alleged adverse and inadequate conditions within the jail, including emotional distress, relocation within the jail, and alleged targeting and harassment. The Fourth Amendment requires a constitutionally cognizable restraint on liberty, not simply adverse collateral consequences associated with a prosecution. *Brendlin v. California*, 551 U.S. 249, 254 (2007); *Bielanski*, 550 F.3d at 642 ("onerous" pre-trial conditions are insufficient restraints of freedom to constitute a seizure). This defect applies equally to both Sheriff Dart and Deputy Baker because Plaintiff does not allege that either defendant's conduct resulted in a constitutionally cognizable deprivation of liberty.

Notwithstanding this fatal flaw, Plaintiff further fails to plausibly allege the absence of probable cause. At minimum, arguable probable cause existed, which is separately sufficient to defeat Plaintiff's claim. *See Abbott v. Sangamon County*, 705 F.3d 706, 715 (7th Cir. 2013). Plaintiff verbally and physically resisted the officers' effort to remove him from the wheelchair, resulting in a physical struggle with correctional staff, including Deputy Baker. Deputy Baker complained that Plaintiff's actions caused "pain and lacerations." Exh. A. Plaintiff does not dispute that he knew Deputy Baker to be a correctional officer and was performing his official duties. [Dkt. 29]. A reasonable officer in Investigator Whittler's position could conclude that

probable cause existed to charge Plaintiff with aggravated battery. 5 ILCS 12-3.05(d)(4)(i);

*District of Columbia v. Wesby*, 583 U.S. 48, 57 (2018) (Probable cause only requires "a

substantial chance" of criminal conduct, not definitive proof) (citation omitted).

Because Plaintiff does not plausibly allege that the aggravated battery charge caused a

constitutionally cognizable additional deprivation of liberty under the Fourth Amendment

without probable cause, he fails to state a malicious prosecution claim under 1983 as a matter of

law.

**II.      PLAINTIFF'S FEDERAL MALICIOUS PROSECUTION CLAIM IS ALSO
          DEFICIENT BECAUSE HE DOES NOT PLEAD THAT SHERIFF DART OR
          DEPUTY BAKER PERSONALLY CAUSED HIS PROSECUTION AND
          PURPORTED SEIZURE.**

Even if Plaintiff could make a plausible claim of seizure due to the charge of aggravated

battery when he was already housed in Cook County Jail, his malicious prosecution still fails

because he cannot show that either Sheriff Dart or Deputy Baker caused his prosecution. Liability

under the Civil Rights Act requires a defendant's personal involvement in the alleged

constitutional violation. *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). Section

1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be

liable under § 1983, an individual defendant must have caused or participated in a constitutional

deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted).

Here, Plaintiff has not plausibly pled how either Sheriff Dart or Deputy Baker was personally

involved in the alleged constitutional violation.

**A.      Plaintiff Does Not Plausibly Plead that Sheriff Dart Was
          Personally Involved in any Constitutional Deprivation.**

Plaintiff cannot plausibly plead that Sheriff Dart was personally involved in causing any

constitutional deprivation. First, Plaintiff does not allege that Sheriff Dart was involved in the

underlying battery incident. And nor can he, given that Sheriff Dart cannot be seen in the video footage posted cited in Plaintiff's Complaint. [Dkt. 29 at ¶36]. His claim of Sheriff Dart's alleged personal involvement is merely that though Sheriff Dart "had access to" exculpatory video footage, he "forwarded the case to the State's Attorney to pursue the indictment anyway" and that he did so "with the intent to pursue charges he had every opportunity to confirm prior to seeing the indictment." [*Id.* at ¶30, ¶46]. These allegations, however, are unsupported by any specific facts or plausible allegations that Sheriff Dart himself forwarded the case to the State's Attorney.

Even if Plaintiff could provide such facts, this Court should take judicial notice that Plaintiff's indictment indicates a multi-step break in the chain of causation, as his legal process involved a victim (Deputy Baker), a grand jury witness and investigating officer (Investigator Whittler), prosecutor, and return of indictment by the grand jury on November 29, 2022. (Ex. A, Felony Indictment).

And even further, if Plaintiff could plausibly plead that Sheriff Dart had knowledge of any impropriety, he cannot show that Sheriff Dart consciously disregarded a serious risk or was personally responsible for any constitutional violation. "An allegation that the supervisor had knowledge of a deficiency is not, without more, enough to maintain an individual liability claim under § 1983." *Taylor v. Ways*, 999 F.3d 478, 495 (7th Cir. 2021) (district court improperly concluded that supervisor defendants were not entitled to qualified immunity where only the evidence was presented was that they knew of alleged bias against the plaintiff); *see also Cady v. Sheahan*, 2003 U.S. Dist. LEXIS 1865, 2003 WL 288472, at *8 (N.D. Ill. February 5, 2003) (granting defendant sheriff's motion to dismiss where the plaintiff failed to allege any facts showing sheriff "was involved in, directed, knew of and consented to, or acted with indifference to" the alleged incident).

In sum, Plaintiff cannot show that Defendant Dart was aware of, consciously disregarded, or caused any unconstitutional seizure of Plaintiff.

### B. Plaintiff Does Not Plausibly Plead that Deputy Baker Was Personally Involved in any Constitutional Deprivation.

Similarly, Plaintiff fails to show that Deputy Baker caused or was personally involved in any constitutional deprivation.

This Court requires plausible facts that a defendant was personally involved in an alleged constitutional deprivation even at this pleading stage. *See, e.g., Marszalek v. Kelly*, 2022 U.S. Dist. LEXIS 14047, 2022 WL 225882, at *27 (N.D. Ill. Jan. 26, 2022) (dismissing intervenor's plaintiff's individual capacity claims in their amended complaint against defendant state prison officials where such claims were "speculative"). And, the Seventh Circuit has held that liability attaches only where an officer's misconduct – such as fabricating evidence – is shown to influence the decision to prosecute. *Whitlock v. Brueggemann*, 682 F.3d 567, 583 (7th Cir. 2011).

Here, Plaintiff alleges that Deputy Baker "complained that [plaintiff] had committed a felony against him," and he was subsequently charged based on that incident. [Dkt. 29 at ¶¶28-30]. These bare facts do little more than imply, based solely on speculation, that Deputy Baker attempted to influence the decision to prosecute. The Complaint does not allege facts showing that Deputy Baker knowingly fabricated any evidence, presented evidence to the prosecutor or grand jury, testified before the grand jury, or otherwise influenced the charging decision. Indeed, he cannot make these claims. The indictment records reflect independent decision-makers – a Sheriff's investigator, a prosecutor, and grand jury – who played essential roles in his prosecution. (Ex. A, Felony Indictment).

Accordingly, Plaintiff has insufficiently pled that Deputy Baker personally caused him to

be prosecuted and that he suffered an unconstitutional seizure because of it.

### III. PLAINTIFF'S INDIVIDUAL CAPACITY CLAIMS AGAINST SHERIFF DART AND DEPUTY BAKER FAIL BECAUSE THEY ARE ENTITLED TO QUALIFIED IMMUNITY.

Even if Plaintiff could plausibly plead that Sheriff Dart or Deputy Baker caused him to suffer an unconstitutional seizure, his claims would still be flawed because they are both entitled to qualified immunity. A state official is shielded from liability by the doctrine of qualified immunity based on his discretionary functions in the course of his duties and to the extent his conduct does not violate clearly established rights of which a reasonable person would have known. *See Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982); *Spiegel v. Cortese,* 196 F.3d 717, 723 (7th Cir.1999).

In determining whether a state official is entitled to qualified immunity, courts make two inquiries: "(1) whether the facts, taken in the light most favorable to the plaintiff, make out a violation of the constitutional right, and (2) whether that constitutional right was clearly established at the time of the alleged violation." *Gibbs v. Lomas*, 755 F.3d 529, 537 (7th Cir. 2014) (citation omitted). If either question is answered in the negative, the defendant is entitled to qualified immunity. *Id.* Although qualified immunity is an affirmative defense, once raised, it becomes the plaintiff's burden to defeat it. *Purvis v. Oest*, 614 F.3d 713, 717 (7th Cir. 2010) (citation omitted). Plaintiff fails to meet this burden as to both defendants.

### A. Sheriff Dart Is Entitled To Qualified Immunity On Plaintiff's Individual Capacity Claim.

Sheriff Dart is entitled to qualified immunity because Plaintiff does not plausibly allege (1) the violation of a constitutional right, and (2) that any such right was clearly established.

Even accepting his Complaint's allegations as true, Plaintiff does not plausibly allege that Sheriff Dart violated his Fourth Amendment rights. Plaintiff does not allege that the challenged

prosecution resulted in any seizure or constitutionally significant deprivation of liberty, as required to state a federal malicious prosecution claim. *See* Section I.A; *Bianchi*, 818 F.3d at 319 (granting qualified immunity to defendant officers and dismissing plaintiffs' claim where plaintiffs were immediately released on bond and acquitted at trial and therefore did not suffer any constitutional violation).

Plaintiff does not – and cannot plausibly – allege that Sheriff Dart fabricated evidence against him, misled prosecutors or the grand jury, or otherwise improperly influenced the charging decision. At most, Plaintiff alleges that Sheriff Dart reviewed information and referred the matter to prosecutors. Such conduct, without more, does not amount to a constitutional violation.

Second, Plaintiff falls short of showing that Sheriff Dart violated a clearly established constitutional right. "Clearly established" means that "existing precedent must have placed the statutory or constitutional question" confronted by the official beyond debate. *Plumhoff v. Rickard*, 134 S. Ct. 2012, 2018 (2014). A plaintiff must present "a closely analogous case" in all but rare circumstances. *Abbott v. Sangamon County*, 705 F.3d 706, 723-24 (7th Cir. 2013). The Supreme Court has reiterated: "the longstanding principle that 'clearly established law' should not be defined at 'a high level of generality.'" *White v. Pauly*, 580 U.S. 73, 79 (2017) (citation omitted). Here, there is no closely "analogous case" or alleged conduct so egregious that Sheriff Dart would have been on notice that he was acting illegally when, as Plaintiff alleges, he relied on staff reports, referred a matter for prosecution, or allowed prosecutors to evaluate charges. Absent such precedent, Sheriff Dart could not have been on notice that his alleged conduct was unlawful.

Because Plaintiff fails to plausibly allege a constitutional violation or the violation of a clearly established right, Sheriff Dart is entitled to qualified immunity. The claim against him should therefore be dismissed with prejudice.

**B.     Deputy Baker Is Entitled To Qualified Immunity On Plaintiff's Personal Capacity Claim.**

Deputy Baker is likewise entitled to qualified immunity because Plaintiff fails to plausibly allege Deputy Baker caused (1) the violation of a constitutional right, and (2) that any such right was clearly established. This claim against Deputy Baker fails at the first prong because, for the reasons stated above, the Complaint does not allege a constitutional violation.

Plaintiff also fails to identify any clearly established law that would have put Deputy Baker on notice that his alleged conduct was unconstitutional to overcome qualified immunity. Plaintiff identifies no clearly established precedent holding that a correctional officer violates the Fourth Amendment by preparing an incident report that later contributes to criminal charges against an already-detained inmate, particularly where independent investigators, prosecutors, and a grand jury intervened. And even if the report contained inaccuracies, the Constitution is not violated unless those statements were used to cause a deprivation of liberty. *See Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (qualified immunity protects law enforcement officers who reasonably but mistakenly believe probable cause exists); *Serino v. Hensley*, 735 F.3d 588, 594 (7th Cir. 2013) (though plaintiff claimed "false and misleading recommendations" led to his prosecution, his claim still failed because could not plead any liberty deprivation because of it)

Because Plaintiff fails to plausibly allege a constitutional violation, or any violation of a clearly established right, Deputy Baker is entitled to qualified immunity. The claim against him should therefore be dismissed.

## IV.     *RESPONDEAT SUPERIOR* DOES NOT IMPUTE LIABILITY UNDER § 1983.

To the extent Plaintiff attributes the alleged misconduct of Deputy Baker to Sheriff Dart or Cook County under a theory of *respondeat superior*, that claim must also fail. A supervisory official cannot be held liable for a claim under § 1983 based on the conduct of his subordinates on

a theory of *respondeat superior*. *See Taylor*, 999 F.3d at 493; *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995); *Smith v. Rowe*, 761 F.2d 360, 369 (7th Cir. 1985). Rather, a complaint's allegations must indicate that the supervisory official was somehow personally involved in a constitutional deprivation. *See Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002). Because Plaintiff fails to plausibly allege that Sheriff Dart was personally involved in any constitutional violation against him (*see* sec. II.A), Sheriff Dart cannot be held liable for any alleged conduct of his subordinates, and therefore Plaintiff's claim must be dismissed against him.

V. **COOK COUNTY IS NAMED SOLEY FOR INDEMNIFICATION SO ANY CLAIMS AGAINST IT MUST BE DISMISSED IF SHERIFF DART AND DEPUTY BAKER ARE DISMISSED.**

Finally, Plaintiff does not allege any constitutional violation resulted from a County policy or custom. (Dkt. 29) Accordingly Cook County cannot be held liable under Section 1983. *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 691 (1978) (a municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory"). Further, if the claims against the individual Defendants are dismissed, there is no basis for indemnification, and Cook County must also be dismissed.

CONCLUSION

WHEREFORE, Defendants respectfully request that this Honorable Court enter an order granting the motion to dismiss with prejudice as to Sheriff Dart and Deputy Baker, and consequently Cook County, and award any further relief this Honorable Court deems just and equitable.

Respectfully Submitted,

EILEEN O'NEILL BURKE
State's Attorney of Cook County

By:     */s/ Robin Murphy*
          Robin Murphy
          Assistant State's Attorney
          Prosecutorial Litigation Section
          500 Richard J. Daley Center
          Chicago, IL 60602
          Robin.murphy@cookcountysao.org

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on June 3, 2026, he caused a true and correct copy of the foregoing **Defendant's Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Rule 12(b)(6)** to be electronically filed with this Court using the Court's CM/ECF system.

/s/ *Robin Murphy*