## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| STEVE FANADY, | ) | |
| | ) | Case No. 25 C 15454 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Magistrate Judge Gabriel A. Fuentes |
| | ) | |
| WILLIAM BAKER, as Deputy at the | ) | |
| Cook County Jail, THOMAS DART, | ) | |
| As Sheriff of Cook County, and COOK | ) | |
| COUNTY, Illinois, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

In this matter before the magistrate judge on consent (D.E. 26), Plaintiff Steve Fanady ("Fanady" or "Plaintiff") sued Defendants Cook County Sheriff's Deputy Sergeant William Baker ("Baker"), and Cook County Sheriff Thomas Dart ("Dart"; "the Sheriff"), in their individual capacities, as well as Cook County under a theory of respondeat superior liability for the acts of Baker and Dart. Plaintiff brings this action for malicious prosecution under 42 U.S.C. § 1983, alleging a violation of his rights secured by the Fourth and Fourteenth Amendments.

## BACKGROUND

The following summary of Plaintiff's allegations is drawn from the Amended Complaint ("Am. Complaint"; D.E. 29). On June 20, 2022, Plaintiff entered civil confinement in Cook County jail for failure to comply with a 2011 divorce agreement. *Id.* ¶ 18. At that time, Plaintiff had mobility limitations that required him to use a wheelchair. *Id.* ¶ 19. On October 25, 2022, Plaintiff tested positive for COVID-19, resulting in Cook County jail officials moving Plaintiff to a new, solo cell. *Id.* ¶ 20. When he arrived at the new cell, Plaintiff noticed that there was no bed, just a

1

mat. *Id.* ¶ 21. Plaintiff requested that the staff bring him a bed, and he refused to get out of his wheelchair until staff brought him a bed. *Id.* ¶¶ 23-25. Plaintiff alleges that Defendant Baker physically removed Plaintiff from his wheelchair and placed him on the floor. *Id.* ¶ 26. According to Plaintiff, Plaintiff did not physically attack anyone, but Baker complained that Plaintiff had committed aggravated battery, a felony, against him. *Id.* ¶¶ 27-28.[1] Plaintiff alleges that Dart, who had access to exonerating body-worn camera footage from the incident, forwarded the case to the Cook County State's Attorney's Office. *Id.* ¶ 30. The State's Attorney secured a felony indictment against Plaintiff for aggregated battery, which alleged that Plaintiff "grabbed and pulled Deputy Sergeant Baker about the body." *Id.* ¶¶ 31-32. The Amended Complaint does not contain further detail about how the case was presented to the grand jury for indictment, who testified in the grand jury, and what that testimony was.

After the grand jury returned the felony indictment, Cook County Jail staff moved Plaintiff into a cell in the criminal section of the jail, which, Plaintiff alleges, was more restrictive. *Id*. ¶ 33. According to Plaintiff, in criminal confinement, Plaintiff was only allowed out of his cell once every two days. *Id*. ¶ 33. His cell did not contain a shower, and the common area shower that he could use was not Americans with Disabilities Act (ADA) compliant. *Id.* ¶ 33. Jail officials would not help Plaintiff bathe. *Id*. ¶ 33. In the criminal section of the jail, Plaintiff was also forced to interact with jailed criminal defendants and barred from dayroom or outside time. *Id*. ¶ 42. Plaintiff alleges that jail staff also issued Plaintiff an orange-colored identification tag that flagged him as

---

[1] Plaintiff alleges that body-worn camera footage from the incident confirmed that Plaintiff never committed a battery against a staff member, despite Baker's accusations. *Id*. ¶ 30.

2

a danger to the staff, which, he says, made him a target of jail officers and resulted in his food getting tampered with and his commissary getting stolen, he claims. *Id.* ¶ 34.

In April 2023, a video of the October 25, 2022, incident from body camera footage was published in the Chicago Sun-Times; Plaintiff alleges that the video contradicted the charge of battery leveled against Plaintiff.[2] *Id.* ¶¶ 35-36. Later that year, on December 21, 2023, prosecutors dropped the battery charge against Plaintiff. *Id.* ¶ 37. The Amended Complaint does not include allegations concerning precisely how the charge was dropped; the Court makes no assumptions but presumes that the dismissal might have occurred under a mechanism known locally as "nolle prosequi." The Amended Complaint also does not allege what proceedings, if any, occurred, at the time of charging, to determine Plaintiff's pretrial custodial status, as in whether there was a bond hearing, whether a detention order was entered, or whether arguments were made for release or for some form of confinement other than "criminal" confinement. The Court's ruling today makes no assumptions on these topics either, instead making reasonable inferences, from Plaintiff's allegations, that the conditions of Plaintiff's confinement escalated to a criminal level once he was charged with battery while in civil confinement.

Plaintiff sues Defendants Dart and Baker for malicious prosecution, stating that "Defendants deprived Plaintiff of his constitutional rights," under the Fourth and Fourteenth Amendments, "by causing him to be prosecuted and undergo judicial proceedings." *Id.* ¶ 41. The Court now considers whether Plaintiff sufficiently stated a claim for federal malicious prosecution under 42 U.S.C. § 1983.

---

[2] The video can be found at https://chicago.suntimes.com/2023/4/30/23702915/video-charge-battery-fcook-county-jail-detainee. *Id.* ¶ 36.

## DISCUSSION

Before the Court is Defendant's Motion to Dismiss for Failure to State a Claim under Federal Rule of Civil Procedure Rule 12(b)(6) (D.E. 31; "Motion"). A motion to dismiss tests the sufficiency of a claim, not the merits of a case. *Gociman v. Loyola Univ. of Chi.*, 41 F.4th 873, 885 (7th Cir. 2022). To survive a motion to dismiss under Rule 12(b)(6), the plaintiff "must provide enough factual information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018), quoting *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014). In deciding a Rule 12(b)(6) motion, the Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in the plaintiff's favor. *Lax v. Mayorkas*, 20 F.4th 1178, 1181 (7th Cir. 2021). Dismissal is proper where "the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Motion to Dismiss asserts that Plaintiff fails to plead a malicious prosecution claim because he does not sufficiently plead that he was seized without probable cause. Motion at 5-8. Defendants also contend that neither Deputy Baker nor Sheriff Dart were personally involved in any constitutional deprivation, and that Plaintiff's individual capacity claims fail because both Baker and Dart are entitled to qualified immunity. *Id*. at 8-13.

4

I. **Plaintiff Sufficiently Pleads That a Seizure Occurred Under the Fourth Amendment.**

The Supreme Court has found that a plaintiff can bring Fourth Amendment malicious prosecution claims against federal officers, if, as a consequence of the prosecution, the Plaintiff was seized or detained without probable cause. *Manuel v. City of Joliet*, 580 U.S. 357, 368 (2017) (finding that individuals have a Fourth Amendment right to challenge their continued detention, where a man spent weeks in pretrial detention due to an officer's false statements); *Thompson v. Clark*, 596 U.S. 36, 44 (2022) (concluding that Plaintiffs can bring malicious prosecution claims under 42 U.S.C. § 1983 to protect their Fourth Amendment rights, but they must prove that the malicious prosecution resulted in a seizure of the Plaintiff).

The Supreme Court noted that being detained is synonymous with being seized. *Manuel*, 580 U.S. at 364 ("Government officials, it recounts, detained—which is to say, "seiz[ed]"—Manuel for 48 days following his arrest.") Further, the Seventh Circuit has recognized that for malicious prosecution claims, the Fourth Amendment applies to the period of pre-trial detention, even after the probable cause finding, which Defendants fail to acknowledge. *Raddant v. Douglas Cnty.*, 170 F.4th 583, 589 (7th Cir. 2026), quoting *Manuel,* 580 U.S. 369 (holding that for claims of malicious prosecution, "the Supreme Court has held that the Fourth Amendment governs a claim for unlawful pretrial detention even beyond the start of legal process.") (quotations omitted); *See also Mitchell v. Doherty*, 37 F.4th 1277, 1285 (7th Cir. 2022), citing *Mitchell v. City of Elgin*, 912 F.3d 1012, 1017 (7th Cir. 2019) (finding that some pre-*Manuel* Fourth Amendment cases related to pretrial detention are no longer good law).

Defendants rely on two outdated cases in their Motion to Dismiss. First, they cite *Wilkins v. May*, 72 F.2d 190, 191-194 (7th Cir. 1989), where in the context of an excessive force claim, the

5

court found that the Plaintiff could not bring a Fourth Amendment claim for acts that occurred after the Plaintiff was taken to an interrogation room hours after he was arrested because he was already detained and seizure is limited to "the initial act of seizing." Second, defendants cite *Welton v. Anderson*, 770 F.3d 670, 675-76 (7th Cir. 2014), a Seventh Circuit malicious prosecution case decided prior to *Manuel* and *Thompson*, where the court found that a Fourth Amendment claim "is typically limited up to the point of arraignment." More recently, the Supreme Court and Seventh Circuit have made explicit that for the purposes of malicious prosecution, a seizure includes the period of pre-trial detention after a probable cause determination, in effect overturning the Seventh Circuit's findings in *Wilkins* and *Welton* as they apply to malicious prosecution claims. *Manuel,* 580 U.S. 364-370; *Thompson*, 596 U.S. at 42; *Raddant*, 170 F.4th at 589.

To state a federal, Section 1983 claim for malicious prosecution, the Plaintiff must allege, in addition to a seizure, that "(i) the suit or proceeding was instituted without any probable cause; (ii) the motive in instituting the suit was malicious, which was often defined in this context as without probable cause and for a purpose other than bringing the defendant to justice; and (iii) the prosecution terminated in the acquittal or discharge of the accused." *Thompson*, 596 U.S. at 44 (internal citations and quotations omitted).[3]

The primary focus of Defendants' argument for dismissal is whether Plaintiff adequately pleaded that he endured a seizure. Defendants argue that Plaintiff has not sufficiently alleged that he experienced a Fourth Amendment seizure, given that he was already in civil detention at the time he was charged for aggravated battery. Motion at 5-6. A person is seized when "by means of

---

[3] Defendants argue that Plaintiff's Amended Complaint is about conditions of confinement and therefore should be governed by the due process doctrine. Motion at 6. However, Plaintiff does not challenge the conditions themselves, but the prosecution that occurred and resulted in his criminal detention. Am. Complaint ¶ 42.

physical force or a show of authority, his freedom of movement is restrained." *Bielanski v. Cnty. of Kane*, 550 F.3d 632, 642 (7th Cir. 2008), quoting *United States v. Mendenhall,* 446 U.S. 544, 553 (1980); *Hess v. Garcia*, 72 F.4th 753, 763 (7th Cir. 2023) (holding that a seizure occurs where physical force restrains a person's liberty). Since the Supreme Court found that individuals may challenge pre-trial detention as a violation of Fourth Amendment rights per *Manuel*, the Seventh Circuit has not directly addressed the question of how a pre-existing civil detention might affect the analysis of whether a Fourth Amendment seizure might occur once the civilly detained person is prosecuted criminally.

Here, the Court is not persuaded by Defendants' argument that Plaintiff's pre-existing civil confinement categorically precludes any allegation that a seizure occurred, particularly where Plaintiff alleged that the nature of his confinement changed upon the lodging of criminal charges, namely through his placement into a "criminal" section of the jail, where he was housed with others accused of committing crimes. Defendants have not advanced any persuasive authority or support for their theory that pre-existing, civilly based restrictions on a person's movement or freedom could preclude a seizure triggering a potential malicious prosecution claim once the allegedly malicious criminal proceedings are instituted and cause a plaintiff's confinement to assume a criminal character. Plaintiff alleges that a seizure occurred when, as a result of the felony secured against him, he was transferred to a Residential Treatment Unit, alongside criminal defendants, with minimal opportunity for movement outside his cell, and he was issued a badge that marked him as a danger. Am. Complaint ¶¶ 42-43. Drawing all reasonable inferences in Plaintiff's favor as the Court must, the Court concludes that Plaintiff provides enough detail about his loss of movement and liberty that, if true, could support a claim for malicious prosecution, consistent with *Thompson*, in which the Supreme Court determined that a criminal detention may

7

constitute a seizure for purposes of a malicious prosecution claim. *Thompson*, 596 U.S. at 42-44. The Court today stops short of finding that *any* confinement in the Cook County Jail, bearing the characteristics of the jail's custody of criminal defendants or not, constitutes a criminal seizure. It is enough that Plaintiff alleged that the battery charge triggered a change in confinement conditions, such that he was placed in a criminal section of the jail and received the treatment normally given to those accused of crimes, even if he already had lost his liberty (at least for a temporary period that now is going on for four years) in civil confinement, because to hold otherwise would be to hold that state officials have an absolute immunity from Fourth Amendment malicious prosecution claims, so long as the claimant is in civil confinement already and thus could never claim a seizure.

That cannot be the law.

Plaintiff has pleaded a seizure with the requisite reasonable plausibility, so that his malicious prosecution claim may proceed. *See Allen v. Taylor*, No. 23-CV-16748, 2025 WL 885838, at *8 (N.D. Ill. Mar. 21, 2025) (finding that Plaintiff sufficiently made an allegation of a seizure where he was detained after his arrest and after his indictment); *Del Prete v. Vill. of Romeoville*, No. 17-CV-6145, 2025 WL 446260, at *16 (N.D. Ill. Feb. 10, 2025) (denying a motion to dismiss where a plaintiff pleaded that she was seized).

## II.     Plaintiff Sufficiently Pleads That There Was No Probable Cause for the Seizure.

Defendants secondarily argue that Plaintiff's claim should be dismissed because "at minimum arguable probable cause existed, which is separately sufficient to defeat Plaintiff's claim." Motion at 7. But Plaintiff has sufficiently alleged a lack of probable cause.

In the context of malicious prosecution, probable cause entails "the existence of such facts and circumstances as would excite the belief, in a reasonable mind, acting on the facts within the

8

knowledge of the prosecutor, that the person charged was guilty of the crime for which he was prosecuted." *Penn v. Chicago State Univ.*, 162 F. Supp. 2d 968, 976 (N.D. Ill. 2001), aff'd sub nom. *Penn v. Harris,* 296 F.3d 573 (7th Cir. 2002). According to Defendants, the Plaintiff's verbal and physical resistance of the officers' effort to remove Plaintiff from his wheelchair gave the staff at least arguable probable cause to prosecute Plaintiff. Here, the Plaintiff must allege that the prosecution was pursued without probable cause, and the motive was without probable cause. *Thompson*, 596 U.S. at 44.

Plaintiff alleges that the prosecution was based on false information, and that despite video evidence, he never committed a battery against any staff member. Those allegations include assertions that the officer's account was "flatly contradicted by the body worn camera," that Plaintiff "did not grab, scratch, or in any way physically injure anyone," and that the police report in question falsely alleged that Plaintiff "grabbed and pulled Deputy Sergeant Baker about the body"; when taken as true, those allegations support Plaintiff's claim that his prosecution lacked probable cause because no reasonable person could find that Plaintiff was guilty of the crime for which he was prosecuted. Am. Complaint ¶¶ 27, 31. Thus, Plaintiff sufficiently pleads that there was no probable cause for his prosecution. Plaintiff's allegations, when taken as true, sufficiently allege that there was no probable cause for prosecuting him for a felony battery upon Deputy Baker. *See Manuel,* 580 U.S. at 358 (holding that no probable cause existed for an arrest when the arrest was based on fabricated evidence); *Lewis v. City of Chicago*, 914 F.3d 472, 477 (7th Cir. 2019) (stating that "it has been clear…that falsifying the factual basis for a judicial probable-cause determination violates the Fourth Amendment.") In the case cited by Defendants, *Abbott v. Sangamon County*, 705 F.3d 706, 714-15 (7th Cir. 2013), the issue of lack of probable cause was resolved on summary judgment, which is the proper context for resolution of Defendants'

disagreements with this complaint's probable cause allegations that the Court must take as true on a motion to dismiss.

### III. Plaintiff Cannot Bring a Malicious Prosecution Claim Under the Fourteenth Amendment.

The Supreme Court and the Seventh Circuit have held that a Plaintiff's challenge to an unlawful detention prior to trial falls under the Fourth Amendment. *Manuel,* 580 U.S. at 368-69; *Lewis*, 914 F.3d at 475. Additionally, the Supreme Court has not made clear whether an individual can bring a malicious prosecution claim under the Fourteenth Amendment. *Jones v. York*, 34 F.4th 550, 564 n.8 (7th Cir. 2022) (citing *Thompson*, 596 U.S. at 43). Recently, courts in this district have continued to dismiss Fourteenth Amendment claims for malicious prosecution based on the overall lack of circuit precedent allowing such claims under the Fourteenth Amendment, coupled with the availability of a state law remedy for malicious prosecution. *Jones v. Keehma*, No. 24-CV-3929, 2026 WL 891911, at *12 (N.D. Ill. Mar. 31, 2026), citing *Fox v. Hayes*, 600 F.3d 819, 841 (7th Cir. 2010); *Sneed v. Vill. of Lynwood*, No. 22-CV-00266, 2022 WL 5116464, at *3 (N.D. Ill. Oct. 4, 2022); *Navarro v. City of Aurora*, No. 21 C 6288, 2022 WL 1988990, at *2 (N.D. Ill. June 6, 2022). Those decisions were undisturbed by *Thompson*. This Court declines the invitation to depart from the weight of circuit and district court precedent related to Fourteenth Amendment claims for malicious prosecution. Therefore, this Court dismisses the Fourteenth Amendment claims with prejudice, while Plaintiff's Fourth Amendment claim for malicious prosecution stands.

### IV. Plaintiff Sufficiently Pleads that Deputy Baker Was Personally Involved in the Prosecution.

Defendants contend that the Amended Complaint should be dismissed because Plaintiff does not sufficiently plead that Baker caused the alleged malicious prosecution. Motion at 10. Although liability under 42 U.S.C. § 1983 requires personal involvement, it does not mean that

10

the defendant must have directly participated in the violation of the plaintiff's constitutional rights. *See Minix v. Canarecci*, 597 F.3d 824, 833–34 (7th Cir. 2010). Liability may extend to individuals who "know about the [unconstitutional] conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *Barnett v. City of Chicago*, No. 18 C 7946, 2020 WL 4336063, at *5 (N.D. Ill. July 28, 2020), citing *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988). Moreover, the allegation is sufficient "if the conduct causing the constitutional deprivation occurs at [the officer's] direction or with [the officer's] knowledge and consent." *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (citation omitted).

Here, Plaintiff sufficiently pled that Defendant Baker facilitated the malicious prosecution. More specifically, Plaintiff alleges that the indictment was "based on a false information provided by Defendant Baker" and that "Baker complained that Mr. Fanady had committed a felony against him," contrary to the video evidence. Am. Complaint ¶¶ 28, 31. Defendants argue that "indictment records reflect independent decision-makers—a Sheriff's investigator, a prosecutor, and grand jury—who played essential roles in his prosecution." Motion at 10. But the involvement of other actors does not defeat the liability of an officer who supplied false information that helped form the basis of the indictment. *See Whitlock v. Brueggemann*, 682 F.3d 567, 583 (7th Cir. 2012) (determining that "the actions of an official who fabricates evidence that later is used to deprive someone of liberty can be both a but-for and proximate cause of the…violation."). And in this case, Plaintiff's allegations (read while drawing inferences in Plaintiff's favor) that Defendant Baker provided false information that became the basis of the prosecution, information that was contradicted by body camera footage, sufficiently constitute an allegation that Defendant Baker influenced the decision to prosecute and was personally involved in the constitutional deprivation.

11

## V.     Plaintiff Has Not Sufficiently Pleaded That Sheriff Dart Caused the Prosecution.

Defendant also argues that Plaintiff's claim that Sheriff Dart caused the alleged malicious prosecution is insufficiently pled. Motion at 8-10. Plaintiff's statements related to Dart are as follows: "Dart had access to the video footage but he pursued the case against Mr. Fanady anyway. He forwarded the case to the State's Attorney with the intention of causing the State's Attorney to pursue an indictment." The Court agrees with the Defendant's contention that it is conclusory to state that Dart forwarded the case "with the intention of causing the State's Attorney to pursue an indictment," declaring Dart's intentions without any factual support. Am. Complaint ¶ 30; Defendant's Reply ("Def's Rep"; D.E. 34), at 5; *Ashcroft*, 556 U.S. at 678 (concluding that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") How did Dart personally "forward" the case for prosecution? The Amended Complaint does not say. What "access" did the Sheriff have to the video, and did the Sheriff see or know about the video? The Amended Complaint does not say. *See* Am. Complaint ¶¶ 30, 46. Plaintiff's threadbare allegations about the Sheriff forwarding the case for prosecution and having access to the exonerating video do not sufficiently allege his personal involvement in malicious prosecution.

Plaintiff cannot maintain a malicious prosecution claim against Dart as currently constituted in the Amended Complaint, as the involvement alleged is too conclusory and thus too minimal even when the allegations are read in a light most favorable to Plaintiff. *Sanders v. City of Chicago Heights*, No. 13 C 0221, 2016 WL 2866097, at \*10 (N.D. Ill. May 17, 2016) (dismissing defendant who merely assisted in a live line-up and testified that he did not have training on how to conduct a line up for lack of personal involvement); *Cullom v. Dart*, No. 20 C 4034, 2020 WL 7698366, at \*4 (N.D. Ill. Dec. 27, 2020) (dismissing defendant sheriff where

12

complaint "does not plausibly allege that [Defendant] was aware" of the circumstances that resulted in the constitutional violation."); *Cady v. Sheahan*, No. 02 C 5989, 2003 WL 288472, at *4 (N.D. Ill. Feb. 7, 2003) (dismissing defendants when there was no proof that they knew or approved of the constitutional violation). Therefore, the Motion to Dismiss is granted without prejudice as to the malicious prosecution complaint against Dart.

## VI.    Deputy Baker Is Not Entitled to Qualified Immunity at the Rule 12 Stage.

An officer is entitled to qualified immunity when a Plaintiff fails to allege the violation of a clearly established constitutional right. *Bianchi v. McQueen*, 818 F.3d 309, 319 (7th Cir. 2016). Courts in this district rarely dismiss complaints at the Motion to Dismiss stage based on a defense of qualified immunity because such a defense relies on facts of the case that are not necessarily known to the parties before discovery, and plaintiffs are not expected to overcome a qualified immunity defense in their pleadings. *Reed v. Palmer*, 906 F.3d 540, 548 (7th Cir. 2018); *Hanson v. LeVan*, 967 F.3d 584, 589 (7th Cir. 2020). The cases cited by Defendants were mostly decided at the motion for summary judgment stage or dismissed on grounds that are not relevant to this case. *See Hunter v. Bryant*, 502 U.S. 224, 228 (1991) (granting qualified immunity on a motion for summary judgment); *Gibbs v. Lomas*, 755 F.3d 529, 542 (7th Cir. 2014) (granting qualified immunity on a motion for summary judgment); *Bianchi*, 818 F.3d at 323 (finding officers entitled to qualified immunity where no seizure occurred); and *Serino v. Hensley*, 735 F.3d 588, 595 (7th Cir. 2013) (finding officers entitled to qualified immunity under Indiana Tort Claims Act). *But see Cullom v. Dart*, No. 20 C 4034, 2020 WL 7698366, at *3 (N.D. Ill. Dec. 27, 2020) (concluding that officers were entitled to qualified immunity for conditions of confinement claim because there were no analogous cases related to a jailer's response to a pandemic). The Court declines to dismiss the allegations against Baker now per his motion to dismiss, insofar as there is a clearly established

Fourth Amendment right to be free from an unjustified criminal prosecution that leads to an unreasonable seizure of the sort that Plaintiff plausibly has alleged. *See Thompson*, 596 U.S. at 43-44; *Lewis*, 914 F.3d at 477.

Because the claim against Baker is not dismissed, there remains a basis for indemnification and Cook County can remain a Defendant. 745 Ill. Comp. Stat. Ann. 10/9-102 (stating that "a local public entity is empowered and directed to pay any tort judgment or settlement for compensatory damages…for which it or an employee while acting within the scope of his employment is liable in the manner provided in this Article").

<u>CONCLUSION</u>

The Court grants in part and denies in part the motion to dismiss. The motion is denied as to the Fourth Amendment claim against Baker and Cook County. The Fourteenth Amendment claims are dismissed with prejudice, and the Fourth Amendment claim against Defendant Dart is dismissed without prejudice. Any amended complaint by Plaintiff against Dart must be filed by noon on August 26, 2026.

**SO ORDERED.**

ENTER:

GABRIEL A. FUENTES
**United States Magistrate Judge**

**DATED: August 5, 2026**

14